FOR THE RESPONDENT, PRO SE

ATTORNEY FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary,
Indianapolis, Indiana

# In the

# Indiana Supreme Court

---

No. 98S00-0601-DI-17

IN THE MATTER OF

**ANONYMOUS**                                                    *Respondent.*

---

Disciplinary Action

---

**April 13, 2006**

*Per Curiam,*

We require out-of-state attorneys who seek to appear in an Indiana court to file a motion for admission *pro hac vice* with the court, and within thirty (30) days after the court's approval, to file a notice of admission along with the required admission fee with the Clerk of the Indiana Supreme Court. These rules concerning limited admission are designed to protect the public by determining that good cause exists for admission, that Indiana standards of professional responsibility will be observed, and that the attorney is in good standing in the jurisdiction where he or she is admitted to practice law. Failure to comply with these requirements may lead to the revocation of the opportunity to appear in Indiana courts or other sanctions.

In this attorney discipline case, the Disciplinary Commission has charged that the respondent attorney failed to register his admission *pro hac vice* with the Clerk of the Indiana Supreme Court and failed to pay his annual registration fee in violation of both Rule 3 § 2 of the *Indiana Rules for Admission to the Bar and the Discipline of Attorneys* and Rule 3.4(c) of the *Indiana Rules of Professional Conduct* (2004 & 2005).

This case comes before us upon the Commission's and respondent's *Statement of Circumstances and Conditional Agreement for Discipline*, submitted to us for final approval pursuant to Ind.Admission and Discipline Rule 23 § 11(c).  Although a more serious sanction may well be appropriate, the respondent and the Commission have agreed to a private reprimand in this case.  We accept the agreement of the parties.

Respondent is an Illinois attorney who filed for *pro hac vice* status in a case in St. Joseph County in June 2003. His motion was granted and local counsel entered an appearance as co-counsel. Respondent was required pursuant to Admis.Disc.R. 3 § 2(b), to file a Notice of Pro Hac Vice Admission with the Clerk of the Indiana Supreme Court and, he was required pursuant to Admis.Disc.R. 3 § 2(c), to pay an admission fee within thirty (30) days after the trial court granted his motion to appear in the proceeding.  He did not file the Notice and he did not pay the admission fee.

In June 2004, because his local co-counsel had had his license suspended for failure to maintain continuing legal education credits, respondent filed another *pro hac vice* motion naming a different attorney as his local co-counsel.  The court granted that motion on June 30, 2004.  The respondent still had not filed a Notice with the Clerk of the Indiana Supreme Court or paid an annual registration fee for either 2003 or 2004.  By then, the Disciplinary Commission had notified the respondent that it was investigating his non-compliance with the requirements of Indiana Admission and Discipline Rule 3 § 2. In July 2004, respondent finally did file his Notice of Admission Pro Hac Vice with the Clerk of the Supreme Court and tendered a check for $180 representing payment for the years 2003 and 2004.

An attorney must pay the annual registration fee if there is involvement in a case beyond the initial calendar year.  "...[I]f the attorney continues to appear in any case pending as of the first day of a new calendar year, the attorney will continue to pay the required registration fee, which shall be due within thirty (30) days of the start of that calendar year." Admis.Disc.R. 3 § 2(c)  The respondent was engaged as lead counsel in the matter throughout 2005. However, he failed to pay his annual registration fee, which was due on or before January 30, 2005.  He eventually tendered a check for $90 on November 22, 2005.

In accord with our acceptance of the parties' agreement, the respondent shall be issued a private reprimand.